CITY OF CINCINNATI, APPELLEE, *v.* GALLAGHER, APPELLANT.

(No. 10949—Decided October 6, 1969.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Robert S. Holzman,* for appellee.
*Mr. S. Wayne Wright,* for appellant.

SHANNON, P. J. This is an appeal on questions of law from a judgment of affirmance by the Court of Common Pleas of a judgment of the Hamilton County Municipal Court.

Defendant, appellant herein, had been charged pursuant to Section 506-8(a) of the Code of Ordinances of the

city of Cincinnati and Section 4511.21 (A) of the Revised Code with having operated a motor vehicle at an unlawful speed in a "school zone."

On January 16, 1968, a device for the clocking of speed of vehicles by radar was being operated by Cincinnati police within that city near a school. The existence of the "school zone" and the prima facie lawful speed of twenty miles per hour therein were indicated by appropriate signs and flashing yellow lights.

The police officer who signed the affidavit charging the defendant with the violation of ordinance and law testified that at 8:05 a. m. the accused drove his car within the school zone at a speed of thirty miles per hour as measured by the radar device, and that the school was in session at such time.

The defendant moved for dismissal of the charge and, after such motion was overruled, conceded the accuracy of the speed measuring device and stated that he had operated his car at the speed alleged but that he had observed no children going to or coming from the school at the time, and that it was not recess. Whereupon, the court found the defendant guilty of the charge and fined him the costs of court.

A notice of appeal to the Hamilton County Court of Common Pleas was timely filed, and on June 6, 1969, that court affirmed the judgment of the lower court.

The single assignment of error before us raises the question: Did the evidence adduced by the prosecution prove the charge alleged?

Section 506-8 of the Code of Ordinances of the city of Cincinnati provides, as does Section 4511.21, Revised Code, in substantially the same language, that:

"No person shall operate a motor vehicle * * * in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing, and no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring

it to a stop within the assured clear distance ahead.

"It shall be prima facie lawful for the operator of a motor vehicle * * * to operate the same at a speed not exceeding the following: (a) Twenty (20) miles per hour when passing a school building or the grounds thereof during school recess and while children are going to or leaving school, during the opening or closing hours, and when appropriate signs giving notice of the existence of the school are erected."

Consequently, where a violation of Section 506-8(a) has been preferred, it is incumbent upon the prosecution to prove that the accused motorist exceeded the prima facie lawful speed during recess or while children were entering or leaving the school *during the opening or closing* hours. By their very terms, neither the ordinance nor the state law makes it prima facie unlawful for one to operate a motor vehicle at a speed exceeding twenty miles per hour when passing a school building or grounds when the school is in session.

Only because the point was made upon trial and in argument here do we comment upon the materiality to the issue of the contention of the defendant that no children were observed by him going to or coming from the school. To us, the only reasonable interpretation of the regulations involved here is that the speed limit applies before school commences and after it is dismissed for such period of time as it is reasonable to assume that children will be using the streets to arrive or leave, or during school recess. If it is desirable to extend the protection afforded by the regulations to cover those who may be tardy or detained, then the matter is one for the attention of the respective local and state legislative bodies.

In the premises before us, we conclude that there was a failure to prove that the accused operated his motor vehicle at a speed greater than was reasonable or proper under the circumstances prevailing and that the speed limitation of twenty miles per hour is not effective when a school is in session. Therefore, the charge should have been dismissed.

230

The judgment of the Court of Common Pleas affirming the judgment of the Hamilton County Municipal Court is reversed and the defendant is ordered discharged.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.