JOURNAL ENTRY AND OPINION
Alexander Jurczenko appeals from a judgment of the Euclid Municipal Court entered pursuant to a bench trial, which found him guilty of operating a motor vehicle at an unlawful speed in a school zone. On appeal, he alleges the city failed to prove beyond a reasonable doubt all the elements of the offense. After reviewing the record, we have concluded the city properly proved its case and, therefore, we affirm the judgment of the court.
The record reveals that on March 10, 1999, at approximately 8:55 a.m., Euclid Police Officer James Savage, who had been monitoring traffic on East 260th Street south of Thomas Jefferson Magnet School, observed Jurczenko's vehicle traveling in excess of 20 miles per hour. Using a laser speed measuring device, Officer Savage recorded Jurczenko's vehicle traveling 31 miles per hour as it entered the school zone, 34 miles per hour as it approached the crosswalk in front of the school, and 37 miles per hour prior to exiting the school zone. Officer Savage subsequently issued Jurczenko a traffic citation for operating a motor vehicle at an unlawful speed in a school zone.
At trial, the city called Officer Savage, who testified that school began at 9:00 a.m.; that children had been in the area at the time he observed Jurczenko; and that the last school bus had not yet unloaded its children. He further stated that at all relevant times, the 20 miles per hour school zone lights had been flashing.
At the close at the city's case, Jurczenko moved for a judgment of acquittal, but the court denied that motion.
In his defense, Jurczenko testified that he did not observe children or school busses in the area. He further testified that he believed he had been traveling at a reasonable rate of speed during non-school hours, and stipulated that he had been traveling at 34 miles per hour.
At the close of all the evidence, the court found Jurczenko guilty of operating a motor vehicle at an unlawful speed in a school zone and ordered him to pay a $95.00 fine and court costs. Jurczenko now appeals and sets forth the following assignment of error:
 THE CITY OF EUCLID FAILED TO PROVE BEYOND A REASONABLE DOUBT ALL OF THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED.
Jurczenko asserts that the city failed to prove the boundary of the school zone; the school's hours of operation; and whether appropriate signs existed to notify motorists of the presence of the school.
The city, however, asserts that through Officer Savage's testimony, it presented evidence establishing each element of the offense.
The issue, then, concerns whether the city proved beyond a reasonable doubt all the elements of operating a motor vehicle at an unlawful speed in a school zone.
Section 333.03 of the Euclid City ordinance provides in part:
 (b) It is prima-facie lawful * * * for the operator of a motor vehicle to operate the same at a speed not exceeding the following:
* * *
 (2) A. Twenty miles per hour in school zones during school recess and while children are going to or leaving school during the opening or closing hours, and when twenty miles per hour school speed limit signs are erected * * *. The end of every school zone may be marked by a sign indicating the end of the zone. Nothing in this section * * * shall be construed to require school zones to be indicated by signs equipped with flashing or other lights, or giving other special notice of the hours in which the school zone speed limit is in effect. (Emphasis in original).
In City of Cincinnati v. Gallagher (1969), 21 Ohio App.2d 227, the court stated:
 A municipal ordinance * * * which sets a prima facie
`speed limit' for a motor vehicle operator `when passing a school building or the grounds thereof during school recess and while children are going to or leaving school, during the opening or closing hours', makes incumbent upon the prosecution to prove that a motorist accused of violating such ordinance (and statute) exceeded the prima facie lawful speed during recess or while children were entering or leaving the school during the opening or closing hours.
At trial, Officer Savage testified that classes began at 9:00 a.m. at Thomas Jefferson Magnet School, that he observed children in the area of the school, that he observed a school bus unloading students, and that the school zone lights had been flashing. He further testified that he recorded Jurczenko's vehicle traveling at speeds in excess of the school zone limit during school hours.
Jurczenko testified that he did not observe children or busses in the area, that he believed school to be in session, and therefore he argues the speed limit at the time should have been 35 miles per hour.
Issues of fact contested at trial are for the trier of fact to resolve. The court in State v. DeHass (1967), 10 Ohio St.2d 230, stated in paragraph one of its syllabus:
 On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.
Our review of the record supports the conclusions rendered by the court, who determined that Jurczenko had been traveling at 34 miles per hour while in the crosswalk area in front of the school and that he had been in a school zone at that time. Therefore, the city presented a prima facie case consisting of all the essential elements of this offense. Accordingly, the judgment of the court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and DIANE KARPINSKI, J., CONCUR.
 __________________________ JUDGE, TERRENCE O'DONNELL