OPINION
{¶ 1} Appellant, Nicholas C. Feldhouse, appeals from the March 15, 2002 judgment entry of the Trumbull County Court of Common Pleas, Juvenile Division, in which he was found to have violated R.C.4511.21.[1]
 {¶ 2} On January 22, 2002, Officer Reese of the Warren Township Police Department stopped appellant at 2:23 p.m. in front of Labrae High School ("Labrae"), in a school zone that was marked by flashing yellow lights with a posted speed limit of 20 m.p.h. Appellant was travelling at a speed of 42 m.p.h. The posted speed limited during hours when the school zone speed limit is not in effect was 45 m.p.h. Officer Reese issued appellant a citation for a violation of R.C. 4511.21.
 {¶ 3} Appellant, a minor, appeared before a magistrate in the Trumbull County Court of Common Pleas, Juvenile Division. He entered a plea of not guilty to the charge of speeding.[2] A hearing was held before a magistrate on March 15, 2002, and appellant was found to have violated R.C. 4511.21. Appellant filed objections to the magistrate's decision on March 20, 2002. The trial court overruled appellant's objections and adopted the magistrate's decision in its March 15, 2002 judgment entry.
 {¶ 4} Appellant has filed a timely notice of appeal of the trial court's judgment entry and assigns the following error:
 {¶ 5} "[Appellant] was not in violation of [R.C.] 4511.21 when he operated a motor vehicle at a speed exceeding twenty miles per hour while passing [Labrae] when that school was in session and not at recess."
 {¶ 6} R.C. 4511.21(B) provides that: "It is prima-facie lawful *** for the operator of a motor vehicle *** to operate the same at a speed not exceeding the following:
 {¶ 7} "(1)(a) Twenty miles per hour in school zones during school recess and while children are going to or leaving school during the opening or closing hours, and when twenty miles per hour school speed limit signs are erected ***."
 {¶ 8} In interpreting a Cincinnati ordinance modeled on R.C.4511.21(B), the First Appellate District held that "neither the [local] ordinance nor the state law makes it prima facie unlawful for one to operate a motor vehicle at a speed exceeding twenty miles per hour when passing a school building or grounds when school is in session."Cincinnati v. Gallagher (1969), 21 Ohio App.2d 227, 229. The Gallagher court concluded, therefore, that the twenty mile per hour speed limit applies before school and after school for "such period of time as it is reasonable to assume that children will be using the streets to arrive or leave, or during school recess." Id.
 {¶ 9} Pursuant to App.R. 9(C), the parties in this case filed a narrative statement of the proceedings, which contained the following facts: the yellow warning lights begin flashing in front of Labrae at 2:00 p.m.; appellant was stopped by Officer Reese at 2:23 p.m.; Labrae is in session from 7:35 a.m. until 2:25 p.m.; Officer Reese observed students and buses outside of the school.
 {¶ 10} In Ravenna v. Sherman (Nov. 17, 1989), 11th Dist. No. 89-P-2054, 1989 WL 140168, at 2, appellant was found guilty of speeding in a school zone during the school's lunch hour. Appellant proceeded through the school zone at a speed of 42 m.p.h., even though the yellow 20 m.p.h. lights were flashing. Id. at 1. According to the officer who issued the citation, the incident in question occurred at 11:10 a.m., during the school's 11:00 a.m. to 12:30 p.m. lunch period. Id. The officer testified that teachers and children sometimes crossed the road during this period. Id. Appellant argued that his conviction was against the manifest weight of the evidence because he did not see any children while driving through the school zone. Id. at 2. We held that the school's lunch hour was a recess and that under R.C. 4511.21 the presence or absence of children outside the school during this time period was irrelevant to whether a violation had occurred — "the critical issue is the time of the school day." Id. Therefore, because appellant was speeding through a school zone during lunch, while the yellow lights were flashing, he was in violation of R.C. 4511.21.
 {¶ 11} In the instant matter, appellant contends that he was stopped at 2:23 p.m., two minutes before the end of the school day; therefore, the state did not meet its burden of showing that the twenty-mile-per-hour speed limit was in effect at the time that he was stopped because school was still in session. Appellant's argument fails because it ignores the clear language of the statute which correlates the opening and closing hours with the movement of "*** children [who] are going to or leaving school during the opening or closing hours ***." R.C. 4511.21(B)(1)(a). Sherman, supra, was never intended to limit opening hours to the single minute when the school opened or to the single minute when school closed. Even a lunch hour, which has a time span, would not be limited to the exact minute it began and ended. The reality is that reasonable people would expect children to be afoot at approximately that time. Thus, Sherman is not inconsistent with that concept of when children are most likely to be "*** going to or leaving school ***." R.C. 4511.21(B)(1)(a).
 {¶ 12} The state avers that Officer Reese observed school buses and students outside of the building at the time appellant was stopped; therefore, appellant was stopped during Labrae's "closing hours." The state also posits that Labrae administrators would not have activated the yellow flashing light at 2:00 p.m., if they did not anticipate the movement of students at that time.
 {¶ 13} Appellant has essentially raised an issue as to the sufficiency of the evidence in this case. The test for sufficiency is whether any rational trier of fact, reviewing the evidence presented and the inferences drawn therefrom, could have found that the state proved all of the elements of the offense beyond a reasonable doubt. State v.Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 4, citing State v. Davis (1988), 49 Ohio App.3d 109, 113.
 {¶ 14} In the instant matter, the parties agreed that the yellow warning light was operational. Thus, appellant was on notice that he was entering a school zone and potentially subject to the modified speed limit. As he entered the school zone, appellant could have observed the presence of buses parked in front of the school and students exiting the building. Regardless of whether the last bell had rung for the day, appellant was obligated to exercise appropriate caution upon entering a school zone after observing a yellow warning light and with students present outside.
 {¶ 15} Students may be present outside of the building for a variety of reasons during the course of a day: arrival at school, recess, lunch, a field trip, or early dismissal, whether it be for parent/teacher conferences, inclement weather, and other emergencies. In any of these circumstances, our foremost concern is the safety of these children. Consequently, it is incumbent upon motorists to exercise extreme caution upon entering a school zone. Here, appellant failed to exercise such caution and exceeded the posted speed limit in spite of a yellow flashing light and the presence of students outside of the school building. Therefore, we cannot conclude that the trial court erred in determining that the state proved the elements of the offense beyond a reasonable doubt.
 {¶ 16} For the foregoing reasons, appellant's sole assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.
JUDITH A. CHRISTLEY, J., concurs
[1] The trial court found appellant "guilty" of the violation. We would note that being found a juvenile delinquent is different from being found guilty of a crime, and that the trial court's finding of "guilty" was not the best practice in this instance.
[2] The date on which appellant entered his plea is not contained within the record before this court.