{¶ 17} While I certainly share the majority's concern for the safety of school children, inconsistency in the application of the law is a threat to the integrity of our legal system and, ultimately, our children's future. Therefore, I respectfully dissent.
 {¶ 18} In Ravenna v. Sherman (Nov. 17, 1989), 11th Dist. No. 89-P-2054, 1989 Ohio App. LEXIS 4297, this court held that the "critical issue" in a school zone speeding case "is the time of the school day."Id. at 2. The violation in Sherman occurred during the school's designated recess or lunch period. In that case, we also held that the presence or absence of children outside the school was irrelevant to whether a violation occurred. Id.
 {¶ 19} Now, in this case, the majority ignores the fact that appellant was cited before the school day ended. In fact, the majority now essentially says that the time of the school day is irrelevant because "[s]tudents may be present outside of the building for a variety of reasons during the course of the day." (Emphasis added). The majority, in this case, adopts a blanket "foremost concern" test for school zone speeding cases that now requires the "exercise" of "extreme caution upon entering a school zone" at any time of the day. This well-intentioned concern for children safety renders R.C. 4511.21(B)(1)(a) and its stated statutory time periods for school zone speeding a total nullity. This is a raw example of judicial legislating. No matter how well intentioned such judicial activism may be, it is an improper usurpation of the Legislature's prerogative. The First Appellate District reached this same conclusion in the Gallagher decision cited by the majority. Cincinnativ. Gallagher (1969), 21 Ohio App.2d 227. Specifically, the court stated: "If it is desirable to extend the protection afforded by the regulations to cover those who may be tardy or detained, then the matter is one for the attention of the respective local and state legislative bodies." Id
at 229.
 {¶ 20} The majority's decision also is essentially opposite to the holding in Sherman that the "critical issue" is the time of the school day.
 {¶ 21} In its analysis, the majority misinterprets the "clear language" in R.C. 4511.21(B)(1)(a) by stating that "the statute correlates the opening and closing hours with the movement of *** children [who] are going to or leaving school during the opening or closing hours." The reference to "during the opening or closing hours" in R.C. 4511.21(B)(1)(a) does not "correlate," but rather specifically limits the period to which the statute applies. Consistent with this court's ruling in Sherman, it is not the mere presence of children going to or leaving school, it is the presence of such children "during the opening or closing hours." In other words, as this court held in Sherman, the "critical issue" in a school zone speeding case "is the time of the school day."
 {¶ 22} The threshold precept in the interpretation of a statute is what it says. In light of this court's ruling in Sherman, there is no need to engage in judicial activism or judicial expansionism of the meaning of R.C. 4511.21(B)(1)(a). Reinterpreting that statute to try to satisfy the expectations of "reasonable people", as suggested by the majority, violates the basic precept of statutory construction. Indeed, if courts apply a reasonable expectation approach to cases involving specific statutory time periods, the Legislature's prerogative to establish such time periods will be usurped and any sense of statutory predictability will be lost. While school safety is extremely important, this court does not have the power to rewrite that statute. If, as the majority suggests, the reality is that reasonable people would expect children to be afoot "before the school closing hour," the Legislature should rewrite the statute accordingly or school districts should expand their school closing hour time periods. See Gallagher, supra.
 {¶ 23} In this case, the majority now places great emphasis on the fact that students and buses were present outside the building. This is inconsistent with this court's opinion in Sherman, supra, where despite some testimony about children sometimes crossing the road during the lunch hour, this court held that the presence or absence of children was not relevant or dispositive. Id.
 {¶ 24} Under R.C. 4511.21(B)(1)(a), the critical issue in this case is whether appellant was driving through the school zone during the "closing hours." The parties agreed that Labrae High School is in session from 7:35 a.m. until 2:25 p.m. Appellant was cited at 2:23 p.m., two minutes before the end of the school day or the designated closing hour. While students may be present outside the school building for a variety of reasons throughout the course of the school day, the statute, as currently written, expressly applies only to recess and the opening and closing hours. While a school may run the warning lights early to discourage speeding, a statutory violation does not occur until the school "closes." In this case, that time is 2:25 p.m. Of course, as previously mentioned, if the school wants to expand its closing hours, it may do so. But, for the purposes of this case, the school's designated closing hour started at 2:25 p.m. Appellant was cited prior to that time.
 {¶ 25} For these reasons, I would reverse the decision of the trial court.